**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV85-02-V
(5:01CR5-19-V)**

| | |
|---|---|
| **STACEY LERELL NEWMONES,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before this Court on the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed June 4, 2003; on the "Government's Response To Petitioner's Motion And Motion For Summary Judgment," filed August 11, 2003; on the petitioner's "Motion For Reconsideration [of the denial of his Motion for Counsel] Due To Exceptional Circumstances," filed July 21, 2003; on the "Petitioner's Motion For Reconsideration" of the denial of his Motion to Amend, filed January 12, 2004; and on a document captioned as "Petitioner Pleads That The Court Take Immediate Action Due To Booker's Confirmation Of Blakely In That Petitioner's Pleadings Were Pre-Booker," filed July 22, 2005.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Pertinent to this Motion, the record reflects that on March 13, 2001, a single-count Bill of Indictment was filed, naming the petitioner and 23 other individuals as defendants. Such Indict-

ment charged the petitioner and his co-defendants with conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of powder cocaine, all in violation of 21 U.S.C. §§841(a)(1) and 846.  The Indictment also noted that on February 3, 1998, the petitioner had been convicted by the State of North Carolina of two felony drug offenses.  Thereafter, on April 23, 2001, the government filed an Information pursuant to 21 U.S.C. §851, formally listing the petitioner's two 1998 felony convictions as one for possession of a controlled substance, and one for possession with intent to sell and deliver marijuana.

Next, on December 26, 2001, the petitioner entered into a written Plea Agreement with the government.  By the terms of that Agreement, the petitioner agreed to plead guilty to the conspiracy charge set forth in the Indictment.  In addition, the petitioner stipulated that he could be held accountable for his involvement with more than 1.5 kilograms of crack cocaine; and that there was an adequate factual basis to support his guilty plea.  Under the terms of his Agreement, the petitioner also waived his right to directly appeal his conviction or sentence; and he waived his right to collaterally challenge his case in a proceeding such as this one on any grounds other than ineffective assistance of counsel or prosecutorial misconduct.

On January 7, 2002, the Court conducted a Plea & Rule 11

Hearing, during which the undersigned engaged the petitioner in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. After considering the petitioner's responses to the Court's numerous questions, the Court found that the petitioner's guilty plea was knowingly and voluntarily tendered, and it accepted the plea.

On June 12, 2002, the Court conducted a Factual Basis & Sentencing Hearing in this matter. Upon its review of the petitioner's Pre-Sentence Report, the Court concluded that the petitioner had only one qualifying prior felony drug conviction (the one for possession with intent to sell and deliver marijuana) for which his federal sentence could be enhanced. Therefore, the Court concluded that the petitioner's statutory maximum term was "20 years to life, not mandatory life" imprisonment. Ultimately, after hearing from the parties, the Court sentenced the petitioner to a term of 240 months imprisonment.

The petitioner did not directly appeal his conviction or sentence. Rather, on June 4, 2003, the petitioner filed the instant Motion to Vacate, alleging that he was subjected to three separate instances of ineffective assistance of counsel.

More particularly, the petitioner alleges that counsel was ineffective because he knew or should have known that the petitioner had not been convicted of any offenses which occurred on February 3, 1998 and, at any rate, such prior convictions "did

not meet the threshold requirement of Sec. 851" The petitioner also alleges that counsel was ineffective for having forfeited the petitioner's due process right "to ensure that the form of cocaine base was in fact 'crack cocaine.'" Last, the petitioner alleges that counsel was ineffective because he knew or should have known that the petitioner's prior cocaine conviction was a misdemeanor and not a felony upon which his sentence could have been enhanced.

Now, having carefully reviewed the matters before it, the Court finds that the petitioner has failed to forecast any facts which could raise a genuine issue of material fact concerning the propriety of his conviction and sentence; and that the government is entitled to a judgment as a matter of law. Accordingly, the government's Motion for Summary Judgment will be <u>granted</u>, and the petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

## II. **ANALYSIS**

### 1. **The petitioner's claims that counsel was ineffective is feckless**.

With respect to allegations of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable

4

professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

More critically, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845

5

F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

At the outset of this analysis, the Court notes that despite his having filed several multi-page documents, the petitioner has never asserted that but for counsel's alleged ineffectiveness, he would not have pled guilty and would have insisted upon going to trial. Such omission is both telling and legally significant in that it vastly undermines the petitioner's ability to demonstrate that he was prejudiced in this case.

Turning now to the petitioner's claims that counsel knew or

6

should have known that he was not convicted of any felony offenses on February 3, 1998, and that counsel knew or should have known that the cocaine conviction referenced in the government's §851 Notice actually was a misdemeanor offense, such allegations are unavailing. That is, both the Indictment in which the petitioner was charged and the government's §851 Notice report the February 3, 1998 date as the date of <u>conviction</u>, not the date of commission for the subject prior offenses.[1] Therefore, the factual predicate of this claim is erroneous.

Nor can the petitioner prevail on his nonsensical allegation that the government's Notice failed to "meet the threshold requirement of Sec. 851" because §841(b)(1)(A) only applies to a single violation involving 50 or more grams of crack as opposed to multiple violations which together involve 50 or more grams of crack. Indeed, as the record clearly demonstrates, the petitioner stipulated that he could be held accountable for involvement with more than 1.5 kilograms of crack as a result of role in the conspiracy offense.

Furthermore, §851 does not mandate that the prior qualifying

---

[1] A review of the record does reflect a reference by the Court to the petitioner's P/W/I/S/D marijuana conviction as having "occurred on 2/3/98." However, the petitioner could not possibly have been prejudiced by such stray remark since it was made during his Sentencing Hearing at the conclusion of his case and in connection with the Court's finding that the petitioner's sentence was subject to enhancement for only one of his two prior convictions. Moreover, inasmuch as the petitioner's Indictment and the §851 Notice--both of which were filed within the first month of the filing of his case--correctly reflected the February 1998 date as the conviction date for both offenses, the petitioner received adequate notice of the matter which was used to enhance his sentence.

7

drug felony involve a particular amount or type of drug. Therefore, the petitioner's federal sentence was properly enhanced under 21 U.S.C. §841(b)(1)(A)(iii) by virtue of his having pled guilty to conspiring to traffic in more than 1.5 kilograms of crack after he had previously been convicted of a felony drug offense.

Similarly, even assuming that the petitioner is correct that one of the two prior convictions was a misdemeanor, and not a felony offense for which his federal conviction could have been enhanced, such fact is of little significance. Rather, as the petitioner concedes in his Traverse, this Court did <u>not</u> use both prior offenses to enhance the instant federal sentence. On the contrary, the Court's Judgment reflects that the Court calculated the petitioner's sentence using only one of his prior convictions --the prior felony conviction for possession with intent to sell and deliver marijuana--as a sentence enhancing factor.

Critically, the petitioner does not dispute the fact that such marijuana conviction was for a felony offense. Thus, the petitioner simply cannot show any prejudice on the basis of counsel's decision not to argue that the prior cocaine conviction was a misdemeanor since that conviction ultimately was not used to enhance his federal sentence.

The petitioner also is not entitled to any relief on his other claim that counsel was ineffective for having forfeited the

petitioner's right to ensure that the form of cocaine base with which he dealt was crack cocaine.  Although it was an open question at one time, by the time that the petitioner was facing this prosecution, the Fourth Circuit already had put to rest any notion that there was a legal distinction between cocaine base and crack.

That is, the Fourth Circuit has squarely held that cocaine base includes what is commonly referred to as crack.  <u>United States v. Perkins</u>, 108 F.3d 512, 518 (4th Cir. 1997); <u>United States v. Pinto</u>, 905 F.2d 47, 49 (4th Cir. 1990).  Therefore, the petitioner could not have been prejudiced by counsel's decision not to raise a "cocaine base vs. crack" issue since the controlling precedent would have precluded the Court from granting any relief on such an argument.

Moreover, the Court has reviewed the additional matters which the petitioner sets forth in his Traverse, including his argument that defense counsel should have raised a double jeopardy defense to this prosecution since the petitioner previously had paid to the State of North Carolina a portion of a civil controlled substance tax for the same drugs which formed the basis of the federal prosecution.  However, because it is well settled that not even prosecutions by two separate sovereigns for the same conduct would offend the Double Jeopardy Clause, a federal prosecution that followed the imposition of a

9

State civil fine could not possibly have violated the Fifth Amendment. See Heath v. Alabama, 474 U.S. 82, 88 (1985); and Abbate v. United States, 359 U.S. 187 (1959). Therefore, counsel simply was not ineffective for not raising this defense.

Likewise, the petitioner's reference to Edwards v. United States, 523 U.S. 511 (1998) in his Traverse as a basis for challenging his sentence is misplaced. To be sure, Edwards dealt with a trial in which the jury was given a general verdict form to report its finding of guilt or innocence on a conspiracy charge involving both powder cocaine and cocaine base. Here, however, the petitioner pled guilty, and stipulated to his involvement with cocaine base, that is, crack cocaine. Therefore, the Court properly sentenced the petitioner on the basis of for his having dealt with the more severely punished substance.

### 2. **The petitioner's non-dispositive Motions also must be rejected**.

On July 21, 2003, the petitioner filed a Motion for Reconsideration, seeking review of the Court's denial of his request to have counsel appointed in this case, and on January 12, 2004, he filed one seeking review of the Court's denial of his request to amend his Motion to Vacate.

In support of his request that the Court revisit its decision regarding the appointment of counsel, the petitioner argues the existence of exceptional circumstances by virtue of his "colorable" allegations that he did not deal with "crack,"

10

and that the §851 enhancement was inappropriate.  However, the Court finds that the petitioner's claims are not colorable, nor are they so novel or difficult as to give rise to a presumption that he would need assistance in presenting them.  Therefore, the Court' will not disturb its earlier decision concerning the appointment of counsel.

Likewise, the petitioner's request that the Court review its denial of his Motion to Amend also is unavailing inasmuch as it essentially is predicated upon a change in State law, not a change in federal law which can be retroactively applied in a collateral proceeding.  Thus, this Motion for Reconsideration shall be <u>denied</u>.

Finally, on July 22, 2005, the petitioner filed a document captioned as "Petitioner Pleads That The Court Take Immediate Action Due To Booker's Confirmation Of Blakely In That Petitioner's Pleadings Were Pre-Booker."  Notwithstanding its bizarre caption, such document appears to be little more than an attempt by the petitioner to raise a new claim for relief based upon the recent U.S. Supreme Court rulings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker/Fanfan</u>, 125 S.Ct. 738 (2005).

However, inasmuch as neither of those cases has been made retroactively applicable to collateral challenges, the petitioner cannot rely upon those cases in this proceeding.  More signifi-

11

cantly, the petitioner's sentence enhancement would not violate the foregoing cases, in any event, because those rulings do no forbid sentence enhancements which are predicated upon a defendant's prior convictions. Therefore, this <u>de facto</u> motion to amend also will be <u>denied</u>.

### III. <u>CONCLUSION</u>

The Court has conducted a careful review of the foregoing Motions, along with the record of this matter and determined that the petitioner has failed to forecast any evidence which can support his claims for relief. Similarly, the petitioner's attempts to obtain appointed counsel and to press additional claims are not supported in law or fact. Therefore, the petitioner's various Motions all must be <u>denied</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motions for Reconsideration (documents ## 5 and 11) are **DENIED**;

2. That the petitioner's <u>de facto</u> motion to amend (document # 12) is **DENIED**;

3. That the government's Motion for Summary Judgment is **GRANTED**; and

2. That the petitioner's' Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

**Signed: August 19, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge