IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV85-02-V
(5:01CR5-19-V)


STACEY LERELL NEWMONES,     )
    Petitioner,          )
                          )
        v.           )          O R D E R
                          )
UNITED STATES OF AMERICA,   )
    Respondent.         )
_____)


**THIS MATTER** is before this Court on a document captioned as "Petitioner's Timely Filed Motion For Reconsideration Pursuant To Federal Rules[sic] of Civil Procedure 59(e)" (document # 15). For the reasons stated herein, and for the further reasons stated in support of this Court's Order of August 19, 2005 (by which it denied the petitioner's Motion to Vacate), the instant Motion will be <u>denied</u>.

Pertinent to this Motion, the record reflects that on March 13, 2001, a Bill of Indictment was filed, charging the petitioner and 23 others with conspiring to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine powder, all in violation of 21 U.S.C. §§841(a)(1) and 846. The Indictment also reported that on February 3, 1998, the petitioner had been convicted of two felony drug offenses by the State of North Carolina. Next, on April 23, 2001, the government

filed an Information pursuant to 21 U.S.C. §851, specifically identifying the petitioner's two prior felony drug convictions.

On December 26, 2001, the petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead guilty to the charge set forth in the Indictment. Such Agreement further reflects the petitioner's waiver of his right to collaterally challenge his conviction and/or sentence on any grounds except ineffective assistance of counsel or prosecutorial misconduct.

On January 7, 2002, the petitioner appeared before the Court for a Plea & Rule 11 Hearing. On that occasion, the Court engaged the petitioner in its standard lengthy colloquy to ensure that his guilty plea intelligently and voluntarily was being tendered. After answering all of the Court's questions, the petitioner's guilty plea was accepted.

On June 12, 2002, the Court conducted a Factual Basis & Sentencing Hearing. At that time, the Court reviewed the petitioner's Pre-Sentence Report and found that he had only one qualifying prior felony drug conviction for which his sentence could be enhanced. Ultimately, therefore, the Court determined that the petitioner's sentencing exposure was a statutory maximum term of 20 years to life imprisonment. At the conclusion of that Hearing, the Court sentenced the petitioner to a term of 240-months imprisonment.

The petitioner did not appeal his conviction or sentence, but instead filed a Motion to Vacate in this Court on June 4, 2003. In that Motion, the petitioner alleged that counsel had been ineffective in three specific instances. Relevant to this Motion, the petitioner argued that counsel had been ineffective because counsel knew or should have known that the petitioner had not been convicted of any offenses which occurred on February 3, 1998 and, at any rate, such prior conviction "did not meet the threshold requirement of Sec. 851"

However, upon its review of that claim, this Court first determined that the petitioner could not prevail, in any case, because he had not even suggested that but for counsel's alleged deficiency, he would have pled not guilty and insisted upon going to trial. Moreover, the Court determined that the petitioner's claim was factually frivolous in that he was denying that he had committed an offense on the date which was set forth in the Indictment and in the government's Information. However, those documents had listed the date in question as the date of conviction, not the date on which the offense had been committed. Therefore, that claim was flatly rejected by the Court.

By this new Motion for Reconsideration under Rule 59(e), the petitioner appears to have appropriated portions of someone else's 32-page brief and inserted his name as the petitioner, all in an effort to raise several additional arguments, including

3

that the Court erred in calculating his prior convictions, and that the government failed to follow proper procedures in filing its §851 Information.  Suffice it to say, however, the petitioner is not entitled to any relief here.

Indeed, to the extent that the petitioner is attempting to raise matters which were not raised in his Motion to Vacate, such claims must be rejected either as time-barred and/or successive. To the extent that the petitioner is attempting to have the Court revisit matters which already were rejected, he has failed to set forth any valid basis for this Court to alter or amend its judgment.

That is, the petitioner's rehashed complaints concerning his attorney's performance simply are not an appropriate basis upon which a Motion to alter or amend under Rule 59(e) can be granted. Moreover, even when construing this Motion more broadly, the petitioner also has not raised any matter which could entitle him to relief under Rule 60(b).

Finally, as was previously noted, the recent U.S. Supreme Court rulings in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker/Fanfan</u>, 125 S.Ct. 738 (2005) simply cannot be retroactively applied in collateral proceedings.  Thus, the petitioner's renewed attempt to invoke them in this Motion under Rule 59(e) simply is unavailing.  Therefore, the petitioner's Motion will be <u>denied</u>.

**SO ORDERED.**

Signed: April 25, 2007

Richard L. Voorhees
United States District Judge