**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:12-CV-00102-RLV**
**(5:01-CR-00005-RLV-19)**

| | |
|---|---|
| **STACEY LERELL NEWMONES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On July 9, 2002, Petitioner was convicted on one count of conspiracy to possess with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(b). Petitioner was sentenced to 240 months' imprisonment. (5:01-CR-00005, Doc. No. 552: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

On June 6, 2003, Petitioner filed a motion under Section 2255 challenging his criminal judgment and the Government filed a motion for summary judgment which was granted. The Court found that Petitioner's claims were without merit and entered an order denying and dismissing his Section 2255 motion. (5:03-CV-85, Doc. No. 13). Petitioner filed a motion for the Court to reconsider its ruling which was denied and his appeal of this denial was dismissed by

1

the United States Court of Appeals for the Fourth Circuit. United States v. Newmones, No. 07-6796 (4th Cir. filed Sept. 17, 2007) (unpublished). (Doc. No. 23).

On July 16, 2012, Petitioner filed the present motion under Section 2255 contending that his sentence was improperly enhanced under 21 U.S.C. § 851 because his prior drug conviction carried a sentence of less than one year. Petitioner relies on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and moves the Court for an order vacating his sentence and to be resentenced without the Section 851 enhancement.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner has previously filed a Section 2255 motion that was denied and dismissed. Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255.

Petitioner has pled an alternative claim for relief by way of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v.

Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). First, Petitioner is still in custody, and second, Petitioner does not contest his conviction: rather he only contests his sentence. The petition will be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's Petition for a writ of error *coram nobis* is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 8, 2013

Richard L. Voorhees
United States District Judge