UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-00154-MOC
(5:01-cr-5-RLV)

| | |
|---|---|
| STACEY LERELL NEWMONES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Petition for Relief under 28 U.S.C. § 2241 [Doc. 1] and on the Government's Response to the petition. [Doc. 19]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

**I.    FACTUAL BACKGROUND**

In January 2002, Petitioner Stacey Lerell Newmones ("Petitioner") pleaded guilty to conspiracy to possess with intent to distribute powder and crack cocaine and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 21 U.S.C. 846, respectively. [Criminal Case No. 5:01-cr-5 ("CR"), Doc. 3: Indictment; Doc. 383]. Petitioner was an upper-level distributor of powder and crack cocaine with the conspiracy and stipulated in his plea agreement that more than 1.5 kilograms of crack cocaine was reasonably foreseeable to him during his participation in the conspiracy offense. [CR Docs. 383 at 2, 721 at ¶ 32]. The United States notified the Petitioner and the Court in accordance with 21 U.S.C. § 851 that it intended to seek an enhanced penalty based on Petitioner's prior convictions for "felony drug offenses." [CR Doc. 125].

Prior to sentencing, the probation officer completed a Presentence Report ("PSR"), in which the probation officer calculated a preliminary Sentencing Guideline range of imprisonment of between 210 and 262 months in prison. This range was based on a total offense level of 35 and a criminal-history category of III. [CR Doc. 721, ¶ 88]. The probation officer also noted that Petitioner was subject to a statutory mandatory-minimum sentence of life in prison because he had previously been convicted of two felony drug offenses. [Id.]. This Court adopted the probation officer's Guidelines calculations but found that Petitioner had only been previously convicted one felony drug offense. [CR Doc. 552 at 6]. In accordance with 21 U.S.C. § 841(b)(1)(A), based on Petitioner's prior conviction of a felony drug offense, the Court sentenced Petitioner to 240 months in prison and to 10 years of supervised release. [CR Doc. 552 at 2-3]; 21 U.S.C. § 841(b)(1)(A). Petitioner did not appeal this Judgment. He filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Court denied in August 2005. [Civil Case No. 5:03-cv-85, Docs. 1, 13]. In July 2012, Petitioner filed a second § 2255 motion to vacate, which the Court denied as an unauthorized second or successive petition. [Civil Case No. 5:12-cv-102, Docs. 1, 3].

Then, on November 13, 2012, Petitioner filed the motion currently before the Court under 28 U.S.C. § 2241, seeking relief from his 20-year mandatory-minimum sentence under United States v. Simmons, 649 F.3d 237 (4th Circ. 2011) (en banc). This case was held in abeyance awaiting the decisions of the United States Supreme Court in United States v. Surratt, No. 14-6851, and then in United States v. Wheeler, No. 16-6073. [Docs. 6, 16]. On May 1, 2019, after Wheeler was decided and the stay lifted, the Government responded to the petition, agreeing with Petitioner that his sentence should be vacated and that this Court should enter an amended judgment. [Doc. 19].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, Section 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Here, the parties and the Court agree that Petitioner properly seeks relief under Section 2241.

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." Section 802(44) defines that term as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In Jones and Harp, the Fourth Circuit had held that offense is punishable by more than one year in prison if *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. In Simmons, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.

Here, the Court enhanced Petitioner's sentence based on his prior convictions for possession with intent to sell and deliver marijuana under N.C. Gen. Stat. § 90-95(a). Petitioner received a sentence of 6 to 8 months. Under the North Carolina Structure Sentencing Act, N.C. Gen. Stat. § 15A-1340.17(c) and (d), Petitioner could not have received a sentence of more than one year. As such, although Jones and Harp were good law at the time of this Court sentenced Petitioner, Simmons decided that Petitioner's prior conviction was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1) because it was not punishable by more than one year in prison.

The Government also concedes that Petitioner is entitled to relief from his sentence under § 2241 because of the erroneous application of a mandatory minimum. In United States v. Wheeler, the Fourth Circuit held that a defendant (1) whose sentence was affected by application

4

of a mandatory-minimum term of imprisonment that Simmons later held should not have applied and (2) whose motion to vacate would be a second or successive motion to vacate may obtain sentencing relief under § 2241. 886 F.3d 415, 429, 433-34 (4th Cir. 2018). Petitioner was subject to a statutory mandatory minimum of 20 years in prison and 10 years of supervised release based on a prior conviction that no longer constitutes a "felony drug offense" and cannot support an enhancement under 21 U.S.C. § 841(b)(1)(A). Without the prior "felony drug offense" conviction, Petitioner would have been subject to a statutory mandatory-minimum term of 10 years in prison and 5 years of supervised release and a mandatory Guidelines range of between 210 and 262 months in prison. As such, Petitioner is entitled to sentencing relief under Wheeler.

Petitioner is currently set to be released from his custodial term of imprisonment on January 13, 2020. Because Petitioner is entitled to relief under Section 2241, the Court will grant the Section 2241 petition and vacate Petitioner's conviction under 21 U.S.C. §§ 841, 846. The Court will also, therefore, amend Petitioner's judgment, sentencing Petitioner to time served and reducing Petitioner's term of supervised release from 10 years to five years.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's Section 2241 petition.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's petition under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his custodial sentence is **AMENDED** to time served and his term of supervised release is **AMENDED** from 10 years to five years.

(3) Petitioner is **ORDERED** released from the custody of the United States Bureau of

       Prisons and/or the custody of the U.S. Marshals Service;

(3)     To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4)     The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: May 15, 2019

Max O. Cogburn Jr
United States District Judge